12734

NORWOOD NAT. BANK v. ALLSTON

(149 S. E., 593)

*Messrs. Miller & Lawson,* for appellant,

*Mr. W. K. Charles,* for respondent,

September 23, 1929.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

The action involved herein was commenced by the Bank of McCormick et al., as plaintiffs against Joe N. Allston et al., defendants, in the Court of Common Pleas for McCor-

mick County, November 23, 1925, which is an action on a note executed by the defendant, Joe N. Allston, for the sum of $200, payable to the Bank of McCormick, and indorsed by the defendant, O. G. Calhoun and also by J. E. Britt. Mr. Britt died before the commencement of the action and his legal representative was not made a party. Before the case was called for trial, the Norwood National Bank was substituted for the plaintiffs. The defendant, Joe N. Allston, in his answer set up the defense that he was under the age of 21 years at the time the note was executed, and further alleged that the "note was not given for necessaries nor for any other consideration as to which it is competent for an infant to contract," and he also claimed a set-off on account of having a deposit in the said Bank of McCormick. The defendant, O. G. Calhoun, denied liability on the ground that the note in question was not protested and "that he was not given notice of non-payment thereof, as required by law."

The case was tried by his Honor, Judge C. C. Featherstone, and a jury at the Court of Common Pleas for McCormick County; the date of the term not being stated in the record. At the close of the testimony, Judge Featherstone on motion directed a verdict for the defendant, O. G. Calhoun. The defendant, Joe N. Allston, also made a motion for direction of a verdict, based upon the following grounds:

"(1) That the uncontradicted evidence showed that the consideration of the note was not for necessities, but money turned over to him, a minor, with a reputation for reckless spending.

"(2) Upon the further ground that the uncontradicted testimony shows that the money which was procured from the proceeds of the note was used for various purposes and not for the necessaries of life, which would take it out of the exceptions of contracts with minors."

This motion, on the part of the defendant, Allston, was refused and the case submitted to the jury as to him. The jury returned a verdict for the plaintiff against the defend-

ant, Allston, for the full amount of the note, less the sum of $55, the amount of deposit in said Bank of McCormick for this defendant. Following the return of the verdict a motion for a new trial was made by the defendant, Allston, upon the "ground that the note was not given for necessaries in contemplation of the law as to when a note is for necessaries," and cited the case of *Dubose v. Wheddon,* 4 McCord, 221. The motion for a new trial being refused from entry of judgment on the verdict, the defendant, Allston, has appealed to this Court, imputing error to his Honor, Judge Featherstone, in the particulars set forth under three exceptions.

The first and second exceptions, which we shall consider together, are as follows:

"I. Because the trial Judge erred in refusing appellant's motion for a directed verdict in his favor, on the ground that the uncontradicted evidence showed that the consideration of the note was not for necessities but money turned over to appellant, a minor with a reputation for reckless spending."

"II. Because the trial Judge erred in refusing appellant's motion for a directed verdict in his favor and his motion for a new trial, on the ground that the uncontradicted evidence showed the money procured by the note was used for various purposes other than for necessaries."

While there was some testimony introduced at the trial of the case which tended to show that the defendant Allston did not really need the amount of money evidenced by the note in question and that it was very unwise to make him this loan, there was also testimony introduced from which it could reasonably be inferred that he was in such condition that he needed the amount of money in question for the purpose of procuring the necessities of life. The appellant does not by his exceptions controvert this fact, but, under the first exception, contends "that the uncontradicted evidence showed that the consideration of the note was not for neces-

sities but money turned over to appellant, a minor with a reputation for reckless spending," and, under the second exception, contends "that the money procured by the note was used for various purposes other than for necessaries." It is upon these grounds error is imputed to the presiding Judge in not ordering the direction of a verdict for the appellant, and not granting a new trial.

Under our view of the law, in order to bind a minor on an obligation for necessaries, it is not incumbent upon the obligee in every instance to deliver to the minor the actual material or substance to be used by him, for instance, the food, clothing, or medicine needed to sustain life, but that in lieu thereof "money" may be delivered to the minor. It is also our view that it is not in every instance incumbent upon the obligee to see that the money provided for necessaries and delivered to the minor to be expended for that purpose is actually spent by the minor for that purpose and no other in order to bind the infant on the obligation. In instances where the minor is of tender age, special care and precaution should be exercised in order that the rights and interest of such minor may be guarded and protected; but in instances like the case at bar, where the minor has reached the age when discretion is presumed, such precaution should not be required of the obligee in order to bind the minor on such obligation. In the case at bar the minor, J. N. Allston, defendant herein, was 20 years old at the time he executed this note and made the obligation in question, and, so far as the record discloses, was mentally sound. Under such circumstances, in our opinion, he should not be heard to complain because he was trusted with the money in question and, perhaps, used some of it for purposes for which it was not intended. In this connection we call attention to the fact that the appellant has not raised any question as to the correctness of his Honor's charge to the jury.

Under the third exception error is imputed to the presiding Judge as follows: "Because the trial Judge erred in refusing to follow the *Dubose case* (4 McCord, 221), it

being respectfully submitted that in no event could the re-
spondent recover for the reason that it was not the original
payee."

The case to which reference is made in this excep-
tion, *Dubose v. Wheddon*, 4 McCord, 221, was called
to his Honor's attention on the motion for a new
trial. We do not understand that case to hold that only the
original payee can recover on such obligation. While Judge
Nott in his opinion in that case makes reference to state-
ments made by other writers as to their comments on ques-
tions of a minor's liability on bills of exchange, we do not
understand the opinion to hold that only the original payee
can recover against a minor on an obligation for necessaries.
That question was not involved in that case. As stated by
Judge Nott at the outset of his opinion, the only question in-
volved in that case was whether an infant could bind him-
self by a promissory note for necessaries, and in deciding
that question the Court held that a note given by an infant
for necessaries is valid. Under our view of the law, it matters
not what time a third party may come into possession of a
note given by a minor for necessaries, the maker of the
note will not be precluded nor prevented from setting up the
defense that the note was executed during minority; nor
will the holder of the note be prevented from making replica-
tion that the consideration of the note was for necessaries.
As to a note or other evidence of indebtedness executed by
a minor, the legal phrase, "holder in due course," has no
application; but a minor in such case has the right to inter-
pose the defense that the obligation was executed during
minority, also the holder has the right to make replication
that the consideration of the obligation was for necessaries.

The exceptions are overruled, and it is the judgment of
this Court that the judgment of the Circuit Court be, and
the same is hereby, affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTH-
RAN, BLEASE and STABLER concur.